————o————

## No. 4704.

(Court of Appeal, Parish of Orleans.)

## DOMINICK TRANCHINA VS. H. KRAMER, ET ALS.

1. Under Act 134 of 1906 the owner in a building contract who fails to give bond becomes liable to the workmen, material men, etc., in the same manner as the surety on a contractor's bond would have been.
2. Paragraph 4 of Section 1 of the Act contemplates a concursus only when a bond has been given and there is hence no statutory warrant for such interpleader, where no bond has been given and the owner's liability under the law has become absolute.
3. Equity does not sanction the view that a claimant, to whom the law gives a direct recourse on the owner, who is at fault, should be relegated for relief to a fund and be made to bear the expense and possible loss resulting from litigation with numerous other claimants.

Appeal from Civil District Court, Division "B."

H. L. Favrot, for Plaintiff and Appellant.

H. H. Chaffe, O. Villere, Lazarus, Michel & Lazarus; Chas.

Duchamp, B. R. Forman, C. G. Gill and Butler, for Defendants and Appellees.

DUFOUR, J. This is an appeal from a judgment sustain-

ing an exception of no cause of action to a petition making substantially the following allegations:

Tranchina, an owner, entered into a building contract with Kramer, a contractor, and failed to exact from the latter a bond in accordance with the provisions of Act 134 of 1906.

Various material men made demand on Tranchina for materials used in the building, and a creditor of Kramer attached the funds due him by Tranchina.

Thereupon the latter filed a concursus proceeding citing all claimants, asserting his own claim for demurrage, and depositing in the registry of the court the balance conceded by him to be coming to Kramer.

Exceptor's claim is that, under the circumstance, the statute fixes a direct personal liability on the owner and does not grant the right to a *concursus.*

In Ridgly Bros. vs. Linn, No. 4472 of our docket, in interpreting Act 134 of 1906, we said:

"If, however, the owner has failed to exact a bond, or, if having attained a bond from the contractor, he has failed to record same, the owner shall be, deemed in default and shall be liable to the same extent as the surety (on the bond of the contractor) would have been. The extent of the surety's liability as expressed by the second paragraph of this section is the true and faithful performance of the contract and the payment of all sub-contractors, workmen, mechanics and furnishers of materials."

Paragraph 4 of Section 1 of the Act contemplates a concursus only when a bond has been given, and there is, hence, no statutory warrant for such interpleader where no bond has been given and the owner's liability under the law has become absolute.

Equity does not sanction the view that a claimant to whom the law gives a direct recourse on the owner, who has not given bond, and is legally at fault, should be relegated for relief to a fund and be made to bear the expense and possible loss resulting from litigation with numerous other claimants.

The exception of no cause of action was properly maintained.

Judgment affirmed.